1  Floyd W. Bybee, SB 012651
   **BYBEE LAW CENTER, PLC**
2  90 S. Kyrene Rd., Ste. 5
   Chandler, AZ 85226-4687
3  Office: (480) 756-8822
   Fax: (480) 302-4186
4  floyd@bybeelaw.com

5  Attorney for Plaintiff

6

7              **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF ARIZONA**

9

10  Cristi C. Kauffman;                )       No.
                                       )
11                                     )
                                       )
12        Plaintiff,                   )
                                       )
13  v.                                 )       **COMPLAINT**
                                       )
14  Michael P. Kauffman; Sally M.      )
    Colton; Cordell Law LLP; and       )
15  Trans Union LLC;                   )
                                       )
16        Defendants.                  )       (Jury Trial Demanded)
                                       )
17  _____)

18              **Preliminary Statement**

19  1.   Defendant Michael P. Kauffman obtained a consumer report on

20       Plaintiff Cristi C. Kauffman under false pretenses from Defendant

21       Trans Union, LLC. Thereafter, Mr. Kauffman provided the report

22       to his family law attorney Defendant Sally M. Colton to use for

23       purposes outside the scope of permissible purposes under the Fair

24       Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Trans

25       Union, a consumer reporting agency, provided the report to Mr.

1    Kauffman without a permissible purpose in violation of the FCRA.

2                        **Jurisdiction and Venue**

3    2.   Jurisdiction over this action is premised upon 15 U.S.C. § 1681p

4         and 28 U.S.C. § 1331.

5    3.   Venue is proper in this District under 28 U.S.C. § 1391(b), in that

6         Defendants' conduct complained of occurred within the District.

7                                **Parties**

8    4.   Ms. Kauffman is an individual residing in Maricopa County,

9         Arizona.

10   5.   Ms. Kauffman is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11   6.   Mr. Kauffman is an individual residing in Maricopa County.

12   7.   Mr. Kauffman is Plaintiff's former husband.

13   8.   Mr. Kauffman is a "person" as defined by 15 U.S.C. § 1681a(b).

14   9.   Ms. Colton is an attorney licensed to practice law in the state of

15        Arizona.

16   10.  Ms. Colton is a "person" as defined by 15 U.S.C. § 1681a(b).

17   11.  Defendant Cordell Law LLP is a foreign limited liability

18        partnership which does business as a law firm within the state of

19        Arizona.

20   12.  Cordell Law holds itself out as an international domestic litigation

21        firm which focuses on men's divorce and all other family law

22        practice areas.

23   13.  Cordell Law is a "person" as defined by 15 U.S.C. § 1681a(b).

24   14.  Ms. Colton is employed as an associate attorney by Cordell Law in

25        its Scottsdale, Arizona office.

1    15.    At all times relevant hereto, Ms. Colton was acting on behalf of and

2           with full authority of Cordell Law.

3    16.    Cordell Law is liable for the actions of its associate attorney

4           Defendant Colton taken within the scope of her employment.

5    17.    Mr. Kauffman hired Ms. Colton and Cordell Law to represent him

6           in certain family law proceedings in the Superior Court of

7           Maricopa County.

8    18.    Trans Union is a Delaware limited liability company registered and

9           conducting business within the state of Arizona.

10   19.    Trans Union is a "person" as that term is defined by FCRA § 1681a(b).

11   20.    Trans Union acts as a data repository, assembling and storing

12          information on consumers for the purpose of furnishing consumer

13          reports to third parties.

14   21.    Trans Union is a "consumer reporting agency" as that term is defined

15          by FCRA § 1681a(f).

16                              **Factual Allegations**

17   22.    Ms. Kauffman divorced Mr. Kauffman in or about January 2017.

18   23.    After separation, Ms. Kauffman has kept her residential address

19          private from Mr. Kauffman in order to prevent harassment and

20          stalking.

21   24.    Subsequent to the divorce, Ms. Kauffman filed a petition for

22          contempt against Mr. Kauffman in the Superior Court.

23   25.    During the proceedings, Mr. Kauffman provided his lawyer Ms.

24          Colton with a copy of a Trans Union consumer report on Plaintiff's

25          private financial affairs.

1

2

26. The Trans Union report provided by Mr. Kauffman was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

3

4

5

27. Ms. Colton attached a copy of the Trans Union report with other documents and submitted it for eventual use in the family law court proceedings.

6

7

28. Ms. Kauffman first learned of the Trans Union report when her counsel provided her with a copy in a disclosure statement.

8

9

10

29. Ms. Kauffman was very emotionally upset that her ex-husband and his attorney had obtained and were using a personal consumer report on her in the court proceedings.

11

12

13

30. Upon investigation, Ms. Kauffman learned that Mr. Kauffman had fraudulently opened a credit monitoring service through Trans Union in Plaintiff's name.

14

15

16

31. This monitoring service allowed Mr. Kauffman complete access to Ms. Kauffman's personal and private credit information, including her residential addresses.

17

18

19

32. Ms. Kauffman believes that part of the purpose for Mr. Kauffman's obtaining the consumer report was to allow him to locate and illegally stalk her.

20

21

22

23

24

33. Ms. Kauffman further learned from Trans Union that Mr. Kauffman fraudulently posed as Plaintiff, providing Trans Union with her personal and private identification information, including name, address, Social Security number, and or date of birth in order to establish the account.

25

34. Ms. Kauffman learned from Trans Union that the card used to

- 4 -

1    purchase the credit monitoring service was a credit card ending in

2    2198, which does not match any credit card belonging to Ms.

3    Kauffman. Upon information and belief, the credit card ending in

4    2198 belongs solely to Mr. Kauffman.

5    35.   Ms. Kauffman also learned that the email address associated with

6          the credit monitoring service was mkauff1124@gmail.com, which is

7          an email address belonging solely to Michael Kauffman.

8    36.   Upon information and belief, Trans Union failed to use proper care

9          to assure that it was Ms. Kauffman setting up the credit

10         monitoring service, rather than allowing Mr. Kauffman to set the

11         service up in the name of Plaintiff.

12   37.   Trans Union has a duty to assure that the personal and private

13         information of consumers such as Ms. Kauffman is protected and

14         not provided to those not otherwise authorized or permitted to

15         obtain this information under the FCRA.

16   38.   Trans Union provided a consumer report to Mr. Kauffman on Ms.

17         Kauffman without a permissible purpose allowed under the FCRA.

18   39.   Upon information and belief, Trans Union provided four consumer

19         reports on Ms. Kauffman to Mr. Kauffman including two on

20         September 16, 2017, one on October 7, 2017, and one on October 9,

21         2017.

22   40.   Ms. Kauffman never authorized Mr. Kauffman to open a credit

23         monitoring service in her name.

24   41.   Ms. Kauffman never authorized Mr. Kauffman to obtain a credit

25         report on her from Trans Union or any other consume reporting

Case 2:17-cv-04463-DGC   Document 1   Filed 12/01/17   Page 6 of 10

1        agency in September or October 2017.

2    42.  After acquiring the consumer report on September 16, 2017, Mr.

3        Kauffman shared the Trans Union report with his lawyer Ms.

4        Colton.

5    43.  Sometime thereafter, Ms. Colton and Mr. Kauffman chose to use

6        the Trans Union report for purposes outside the scope of the

7        permissible purposes allowed under the FCRA.

8    44.  At no time did Mr. Kauffman have a permissible purpose for

9        obtaining a consumer report on Ms. Kauffman in September or

10        October 2017.

11   45.  At no time did Mr. Kauffman or his attorney Ms. Colton have a

12        permissible purpose for using the September 16, 2017 Trans Union

13        consumer report in the Superior Court proceedings.

14   46.  At the time Mr. Kauffman obtained these consumer reports on Ms.

15        Kauffman, he knew that he did not have a legal purpose to access

16        these consumer reports.

17   47.  At the time Mr. Kauffman and his attorney Ms. Colton used the

18        consumer report on Plaintiff, they knew or should have known that

19        they did not have a permissible purpose to use the report under the

20        FCRA.

21   48.  The actions taken by Defendants and complained of herein, caused

22        harm and damages to Ms. Kauffman within the State of Arizona.

23   49.  Defendants knew that their actions in providing, obtaining, and or

24        using the consumer reports on Plaintiff without a legally

25        permissible purpose would cause Ms. Kauffman emotional harm

- 6 -

1    and damages within the State of Arizona.

2                    **Count I.   Violation of FCRA**

3                    *Negligent Violation of the FCRA*

4    50.   Plaintiff incorporates the preceding paragraphs.

5    51.   Trans Union acted negligently in allowing Mr. Kauffman to

6          fraudulently obtain four consumer reports on Plaintiff without a

7          permissible purpose.

8    52.   Trans Union acted negligently in providing four consumer reports

9          to Mr. Kauffman without a permissible purpose in violation of 15

10         U.S.C. § 1681b(a).

11   53.   As a result of Trans Union's violations of the FCRA, Ms. Kauffman

12         has suffered actual damages, including, but not limited to, invasion

13         of privacy, anger, worry, fear for her safety, frustration, anxiety,

14         headaches, loss of appetite, upset stomach, sleeplessness, unable to

15         concentrate at work, and other extreme emotional distress.

16   54.   Mr. Kauffman, Ms. Colton and Cordell & Cordell acted negligently

17         in using the consumer report(s) furnished by Trans Union for

18         purposes outside the scope of permissible purposes in violation of

19         15 U.S.C. § 1681b(f).

20         WHEREFORE, Plaintiff requests that this Court enter judgment

21   in her favor and against defendants Trans Union, Mr. Kauffman, Ms.

22   Colton, and Cordell & Cordell as follows:

23         a.    pursuant to 15 U.S.C. § 1681*o*(a)(1), award Plaintiff her

24               actual damages suffered as a result of the impermissible

25               access to her consumer reports and use of the consumer

- 7 -

1    reports;

2    b.    pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action

3          and reasonable attorney fees; and

4    c.    grant such other and further relief as the court deems just

5          and proper.

## Count II.   Violation of FCRA

### *Willful Violation of FCRA*

8    55.   Plaintiff incorporates the preceding paragraphs.

9    56.   Defendant Mr. Kauffman acted willfully in fraudulently

10         representing himself as Plaintiff and setting up a credit monitoring

11         service with Trans Union in Plaintiff's name in order to gain access

12         to her consumer reports.

13   57.   Defendant Mr. Kauffman acted willfully in fraudulently requesting

14         and obtaining consumer reports on Plaintiff from Trans Union

15         without a permissible purpose.

16   58.   Defendant Mr. Kauffman knowingly and willfully obtained

17         information on Plaintiff from a consumer reporting agency under

18         false pretenses.

19   59.   Defendant Mr. Kauffman's conduct in willfully obtaining Plaintiff's

20         consumer report(s) without a permissible purpose violated 15

21         U.S.C. §1681b(f).

22   60.   Defendant Mr. Kauffman's conduct in fraudulently and willfully

23         obtaining Plaintiff's consumer reports under false pretenses

24         violated 15 U.S.C. § 1681q.

25   61.   Defendants Ms. Colton and Cordell & Cordell willfully used the

1   consumer report obtained on Plaintiff without a permissible

2   purpose in violation of 15 U.S.C. §1681b(f).

3   62.  Defendant Trans Union acted willfully in providing consumer

4   reports to Mr. Kauffman without a permissible purpose in violation

5   of 15 U.S.C. § 1681b(a).

6   63.  As a result of the Defendants violation of the FCRA, Plaintiff has

7   suffered actual damages, including, but not limited to, invasion of

8   privacy, anger, worry, fear for her safety, frustration, anxiety,

9   headaches, loss of appetite, upset stomach, sleeplessness, unable to

10   concentrate at work, and other extreme emotional distress.

11   64.  WHEREFORE, Plaintiff requests that this Court enter judgment

12   in her favor and against defendants as follows:

13   a.   pursuant to 15 U.S.C. § 1681n(a)(1)(A), award Plaintiff her

14   actual damages, or in the alternative, statutory damages of

15   not less than $100 and not more than $1,000 for each

16   violation of the FCRA, whichever is greater;

17   b.   pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive

18   damages as the Court deems appropriate;

19   c.   pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action

20   and reasonable attorney fees; and

21   d.   grant such other and further relief as the court deems just

22   and proper.

23   **Demand for Jury Trial**

24   Plaintiff hereby demands a jury trial on all issues so triable.

25

1

2        RESPECTFULLY SUBMITTED:   December 1, 2017   .

3

4                                    s/ Floyd W. Bybee
                                  Floyd W. Bybee, #012651
5                                 **BYBEE LAW CENTER, PLC**
                                  90 S. Kyrene Rd., Ste. 5
6                                 Chandler, AZ 85226-4687
                                  Office: (480) 756-8822
7                                 Fax: (480) 302-4186
                                  floyd@bybeelaw.com
8
                                  Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25